UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE WESLEY JONES,      )
                            )
            Petitioner,     )      Case No. 1:06-cv-50
                            )
v.                          )      Honorable Gordon J. Quist
                            )
CAROL HOWES,                )
                            )
            Respondent.     )
_____)

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus[1], the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I conclude that Petitioner fails to raise a meritorious federal claim.

---

[1] Petitioner initially filed his petition for writ of habeas corpus on January 1, 2006. Because he did not use the form provided by this Court, he was directed to file an amended petition on the requisite form, which he accomplished on February 24, 2006 (*see* docket #3). The amended petition is the subject of this review.

**Discussion**

I.  Factual allegations

Petitioner is currently incarcerated at the Florence Crane Correctional Facility. After entering a plea of *nolo contendere*, Petitioner was convicted in the Wayne County Circuit Court on April 5, 2004, of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On the Sentencing Information Report, Petitioner's prior record variable score was zero, and his offense variable score was fifty-five, which reflected points as follows: 25 points for offensive variable one, 5 points for offensive variable two, and 25 points for offensive variable three. Petitioner received no points for offense variables four through twenty. Based upon Petitioner's scores, the Michigan Sentencing Guideline minimum range was 42 to 70 months. At the sentencing hearing, Petitioner's defense counsel advised the court that during the pre-trial he and the prosecuting attorney had scored the guidelines differently, scoring offense variable three at 10 points and offense variable six at 50 points. The recalculation increased Petitioner's total score from 55 to 90, and the minimum range from 81 to 135 months. The trial court accepted the revised score, and sentenced Petitioner to terms of imprisonment of six to fifteen years on the assault with intent to murder conviction[2] and the mandatory two years on the felony firearm conviction.

Petitioner appealed his sentence, and on May 10, 2005, the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal for lack of merit in the grounds presented. The Michigan Supreme Court denied leave to appeal on December 5, 2005.

---

[2]The trial court departed downward from the sentencing guidelines because Petitioner had no prior record and otherwise had a constructive life up to that point. Pl.'s Br., p.14 (docket # 1).

Petitioner raises the following two issues in his petition for habeas corpus relief:

A. IT WAS AN ABUSE OF THE TRIAL COURT'S DISCRETION TO ALLOW THE OFFENSE VARIABLE SENTENCING GRIDS TO BE ERRONEOUSLY RECALCULATED EXCEEDING THE SENTENCING GUIDELINE RECOMMENDATION THAT RESULTS IN A CLEAR ERROR OF LAW REQUIRING REMAND FOR RESENTENCING.

B. THE TRIAL COURT VIOLATED THE PRINCIPLE OF PROPORTIONALITY USING REASONS TO DEPART FROM THE SENTENCING GUIDLINES RECOMMENDATION ALREADY TAKEN INTO CONSIDERATION WITHIN THE GUIDELINES, CONSTITUTING DOUBLE DIPPING, AND AN ABUSE OF DISCRETION REQUIRING RESENTENCING.

II. Merits

A federal court may grant a writ of habeas corpus only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000); *Robinson v. Stegall*, 355 F.3d 916, 917 (6th Cir. 2000). The Supreme Court has made it clear that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("reemphaz[ing] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions") (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) and *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Because both of the issues Petitioner raises are based solely on state law, his claims are not cognizable on federal habeas corpus review.

Issue A - Sentencing Guideline score

Petitioner claims that the trial court erred in exceeding the guideline recommendation based on a score recalculated by the prosecutor and defense counsel. However, there is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th

Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F.Supp.2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F.Supp.2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987). The Michigan guidelines do not create substantive rights, but are merely "a tool to assist the sentencing judge in the exercise of discretion." *People v. Potts*, 461 N.W.2d 647, 650 (Mich. 1990); *accord Johnson v. Abramajtys*, No. 91-1465, 1991 WL 270829, at *9 (6th Cir. Dec. 17, 1991). Thus, Petitioner's claim that the trial court erroneously accepted the recalculated offense variable score is based solely on state law. *See Cook v. Stegall*, 56 F. Supp.2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). It is well established that claims concerning the improper application or scoring of sentencing guidelines are state law claims not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cook*, 56 F.Supp.2d at 797; *Braun v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."); *Whitfield v. Martin*, 157 F.Supp.2d 758, 762 (E.D. Mich. 2001); *Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at *2 (6th Cir. Apr. 21, 1995).

Petitioner attempts to raise a federal claim by arguing that the trial court's departure from the initially recommended guideline score violated *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not

found by the jury but by the judge. Thus, the trial judge in that case was required to set a fixed sentence imposed within a range determined by guidelines but was able to increase the maximum sentence on the basis of judicial fact-finding. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool*, 684 N.W.2d 278, 286 n.14 (Mich. 2004) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.; and see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). Therefore, under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool*, 684 N.W.2d at 286 n.14, 470 Mich. at 730, n.14. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the finder of fact. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Blakely* does not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's reliance on a revised sentencing guideline score did not violate Petitioner's federal constitutional rights. *See George v. Burt*, No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005).

Issue B - Proportionality

Petitioner's second claim is that his sentence violated the principles of proportionality announced in *People v. Milbourn*, 461 N.W.2d 1 (Mich. 1990) (holding that a criminal sentence must be proportionate to both the offense and the offender). Because the United States Constitution contains no strict proportionality guarantee, *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a claim that the sentencing court violated Michigan's principles of proportionality implicates only state law. *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at *2 (6th Cir. Apr. 21, 1995) (citing *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991)); *Welch v. Burke*, 49 F.Supp.2d 992, 1009 (E.D. Mich. 1999).

Although the Eighth Amendment prohibits cruel and unusual punishment, it "does not require strict proportionality between crime and sentence." *United States v. Layne*, 324 F.3d 464, 473 (6th Cir. 2003). The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Harmelin*, 501 U.S. at 1001. Therefore, federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole. *United States v. Thomas,* 49 F.3d 253, 261 (6th Cir. 1995); *Seeger v. Straub*, 29 F.Supp.2d 385, 392 (E.D. Mich. 1998). Moreover, a sentence that falls within the maximum penalty authorized by statute does not constitute cruel and unusual punishment. *Austin*, 213 F.3d at 302 (citing *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).

Petitioner was convicted of assault with intent to commit murder. "Any person who shall assault another with the intent to commit the crime of murder, shall be guilty of a felony, punishable by imprisonment in the state prison for life or any number of years." MICH. COMP. LAWS § 750.83.

Accordingly, as Petitioner's sentence of six to fifteen years falls within the statutory limits, it does not violate the Eighth Amendment.

### Recommended Disposition

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because Petitioner fails to raise a meritorious claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: September 19, 2006          /s/ Hugh W. Brenneman, Jr.
                                   Hugh W. Brenneman, Jr.
                                   United States Magistrate Judge



### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).